UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**CHRISTOPHER HOLLY,**

> **Plaintiff,**

**v.**                                                              **Case No: 5:18-cv-453-Oc-30PRL**

**HARDEE'S FOOD SYSTEMS, INC.**

> **Defendant.**

_____

## REPORT AND RECOMMENDATION[1]

Plaintiff, who is proceeding *pro se*, has filed an amended class action complaint alleging that Hardee's Food Systems used misleading advertising regarding its "Frisco Breakfast Sandwich" in violation of federal regulations and Florida law. (Doc. 4). Specifically, Plaintiff claims that the actual Sandwich contained much less ham than was displayed in advertisements. Plaintiff purports to assert these claims on behalf of thousands of consumers throughout Florida and the nation who were also mislead to purchase the Sandwich. In the instant motion (Doc. 2), Plaintiff seeks to proceed *in forma pauperis*. For the following reasons, the motion should be denied and the amended class action complaint dismissed.

An individual may be allowed to proceed *in forma pauperis* if he declares in an affidavit that he "is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). However, before a plaintiff is permitted to proceed *in forma pauperis*, the Court is obligated to review the

_____

[1] Within 14 days after being served with a copy of the recommended disposition, a party may file written objections to the Report and Recommendation's factual findings and legal conclusions. *See* Fed. R. Civ. P. 72(b)(3); Fed. R. Crim. P. 59(b)(2); 28 U.S.C. § 636(b)(1)(B); Local Rule 6.02. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

complaint to determine whether it is frivolous, malicious, "fails to state a claim upon which relief may be granted[,]" or ... "seeks monetary relief against a defendant who is immune from such relief." *Id.* § 1915(e)(2). If the complaint is deficient, the Court is required to dismiss the suit *sua sponte. Id.*

Here, the amended class action complaint cannot proceed because a *pro se* party, such as Plaintiff, cannot represent a class or any other individual in federal court. *See* 28 U.S.C. § 1654 ("[i]n all courts of the United States the parties may plead and conduct their own cases personally or by counsel ..."); M.D. Fla. L.R. 2.01(a) ("[n]o person shall be permitted to appear or be heard as counsel for another in any proceeding in this Court unless first admitted to practice in the Court pursuant to this rule"); *Real v. Mission*, No. 2:!4cv729-Ftm-38MRM, 2015 WL 4935627, at *5 (M.D. Fla. Aug. 18, 2015) ("a *pro se* litigant cannot prosecute a class action in this Court."); *Ferentinos v. Kissimmee Util. Auth.,* 6:13–cv–1728, 2014 WL 2993571, at *12 (M.D. Fla. July 2, 2014) *aff'd,* 604 F. App'x 808 (11th Cir.2015) (*pro se* party was not an adequate class representative and thus, could not prosecute class action); *Fymbo v. State Farm Fire and Cas. Co.,* 213 F.3d 1320, 1320 (10th Cir. 2000) (denying class certification because *pro se* plaintiff could not adequately represent putative class); *Paulson v. Apple Inc., et al*, No. 1:15-cv-556, 2015 WL 1825283, at *1 (D.D.C. April 13, 2015) (dismissing class action complaint because *pro se* party could not represent class).

Accordingly, Plaintiff's motion to proceed *in forma pauperis* (Doc. 2) should be denied and his amended class action complaint (Doc. 4) should be dismissed.

Recommended in Ocala, Florida on September 7, 2018.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy